UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 03 CR 362-2 |
| v. ) | |
| ) | Judge Rubén Castillo |
| RODERICK WRIGHT, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Roderick Wright's motion for a reduced sentence under the First Step Act of 2018. (R. 128, Def.'s Mot.) For the reasons that follow, the motion is granted.

### BACKGROUND

On April 8, 2003, a grand jury returned an indictment charging Roderick Wright ("Wright") with violations of 21 U.S.C. §§ 846 and 841(a)(1). (R. 1, Indictment.) On January 22, 2004, Wright pleaded guilty to the first count of the indictment, conspiracy to possess with intent to distribute in excess of 50 grams of crack cocaine. (R. 55, Plea Agreement.) As part of his plea, Wright admitted his participation in certain drug transactions that involved approximately 286 grams of crack cocaine. (*Id.* at 2-4.) Wright also admitted, as relevant conduct, facilitating the sale of more than 500 grams but less than 1.5 kilograms of crack cocaine in the years leading up to the period of the charged conspiracy. (*Id.* at 4-5.)

On June 29, 2005, Wright was sentenced to a term of 292 months' imprisonment, which was the bottom of the then-mandatory Guidelines range. (R. 76, Judgment.) At sentencing, Judge Coar adopted the calculations in the presentence report—namely, that Wright's offense level was 38, with a three-point reduction to 35 for acceptance of responsibility, and that his criminal history was VI, which had yielded a sentencing range of 292 to 365 months. (R. 106, Sentencing Tr. at 12, 16-18.) In 2009, Wright moved for a reduction in his sentence based on Amendment

711 to the U.S. Sentencing Guidelines, which had reduced his base offense level by two levels. (R. 92 and 96, Def's 18 U.S.C. § 3582 Mot.) The Government did not oppose Wright's motion. (R. 98, Gov't Resp. Def's 18 U.S.C. § 3582 Mot.) The offense level under the career offender guideline (34 after acceptance of responsibility) was now higher than the revised offense level under Chapters Two and Three, so Wright's total offense level became 34. *See* U.S.S.G. § 4B1.1(b). Judge Coar reduced Wright's sentence to 262 months' imprisonment, again the bottom end of the revised Guidelines range. (R. 100, May 11, 2009 Order.)

After Judge Coar retired, Wright's case was reassigned to this Court. Thereafter, Wright moved twice to reduce his sentence under amendments that further reduced the base offense levels for the amount of crack cocaine to which he had admitted. (R. 109, 110, 120, Def.'s Reduction Mots.) The Government opposed both motions on the basis of Wright's career offender status, and both motions were denied. (R. 113, Jan. 28, 2014 Order; R. 127, Feb. 7, 2017 Order.).

Wright now moves this Court for a reduced sentence under Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) ("the First Step Act"), and Sections 2 and 3 of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010) ("the Fair Sentencing Act"). Wright requests that the Court reduce his 262-month sentence to a sentence of time served since the low end of the guidelines he says should apply is more than the 194 months' imprisonment that he has already served. (R. 128, Def.'s Mot. at 1-2, 6; R. 132, Def.'s Reply.) The Government opposes the motion on the sole basis that the Fair Sentencing Act would not have reduced the statutory maximum penalty of life that Wright faced because he admitted in his plea agreement that the offense involved more than the revised threshold amount of 280 grams of cocaine base. (R. 131, Gov't Resp. at 6-9.)

2

## ANALYSIS

The First Step Act, passed in December 2018, effectively makes the provisions of the Fair Sentencing Act, passed in 2010, retroactive. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Section 404 of the First Step Act provides in pertinent part:

> (a) DEFINITION OF COVERED OFFENSE. In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED. A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

*Id.* § 404. Thus, under the First Step Act, a defendant who committed a violation before August 3, 2010, and whose sentencing exposure would have been different under the revised quantity thresholds for cocaine base set out in Section 2 of the Fair Sentencing Act may be entitled to a reduced sentence. *Id.* Relief under the First Step Act is discretionary. *Id.* § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.").

### I. Eligibility

At the time Wright was convicted and sentenced, the statutory sentence for conspiracy to possess with intent to distribute in excess of 50 grams of crack cocaine was ten years to life. 21 U.S.C. §§ 841(b)(1)(A) (2005). The Fair Sentencing Act raised the amount of crack cocaine that triggered that statutory sentence from 50 grams to 280 grams. Fair Sentencing Act, Pub. L. No. 111-220 §§ 2-3, 124 Stat. 2372. It set the statutory penalty for more than 28 but less than 280

grams of crack cocaine as between five and 40-years' imprisonment. *Id*. Therefore, Wright argues, the Fair Sentencing Act modified the statutory penalty for his violation of 21 U.S.C. § 841(a)(1), rendering his offense a "covered offense" under the First Step Act. (R. 128, Def.'s Mot. at 1-6.)

The Government argues that Wright is not eligible for relief under the First Step Act because although he was convicted of the offense of conspiracy to possess with intent to distribute in excess of 50 grams of cocaine base, he admitted in his plea agreement that the amount of crack cocaine involved in his offense was over 280 grams, an amount for which the Fair Sentencing Act did not modify the applicable penalty. (R. 131, Gov't Resp. at 6-9.) According to the Government, Congress's focus on the occurrence of the offense suggests that the Court focus on the quantity involved in the offense as established by Wright's undisputed admission, and not on the language of the indictment. (*Id.* at 8.) Disregarding a defendant's admission would itself result in sentencing disparities, the Government argues, because defendants charged prior to the effective date of the Fair Sentencing Act would receive a reduction regardless of the amount of crack cocaine actually involved in their offense, whereas defendants charged after the Fair Sentencing Act would not since the Government's routine practice in this district is to allege the threshold amounts set out in Section 841(b)(1)(A) and (b)(1)(B), as opposed the amount actually involved in the offense. (*Id.* at 8-9.)

According to Wright, however, the Government's interpretation of the First Step Act is based on a misinterpretation of the statute. (R. 132, Def.'s Reply. at 2.) Instead, he says, the plain language of the statute defines a "covered offense" in terms of "a violation of Federal criminal statute," which violation, he urges, is presented in an indictment. (*Id.* at 2.) As a result, Wright

says, it is the statutory weight of the drugs as charged in the indictment that controls his eligibility under the First Step Act, not the underlying conduct that resulted in his conviction. (R. 132, Def.'s Reply.)

Interpreting the plain language of the First Step Act, several district courts have agreed with Wright's interpretation and held that it is "the statute of conviction, not actual conduct, that controls eligibility under the First Step Act." *E.g.*, *United States v. Johnson*, No. 01 CR 543, 2019 WL 2590951, at *3 (Leinenweber, J.) (N.D. Ill. June 24, 2019); *United States v. Booker*, No. 07 CR 843-7, 2019 WL 2544247, at *2 (Lefkow, J.) (N.D. Ill. June 20, 2019) (collecting cases); *United States v. Dodd*, No. 3:03 CR 18, 2019 WL 1529516, at *2 (Pratt, J.) (S.D. Iowa Apr. 19, 2019); *United States v. Martin,* No. 03-CR-795, 2019 WL 1558817, at *3 (Cogan, J.) (E.D.N.Y. Apr. 10, 2019), *vacated as moot* (Apr. 22, 2019); *United States v. Davis,* No. 07 CR 245S, 2019 WL 1054554, at *2 (Skretny, J.) (W.D.N.Y. Mar. 6, 2019), *appeal docketed* No. 19-874 (2d Cir. Apr. 5, 2019). In other words, under the plain language of Section 404, whether an offense is a 'covered offense' is determined by examining the statute that the defendant violated, and not the facts admitted in a plea agreement or otherwise attributable to the defendant by judicial finding. *E.g.*, *Booker*, 2019 WL 2544247, at *3; *Dodd,* 2019 WL 1529516, at *2.

As my esteemed colleagues have observed, an approach that focuses on the particulars of the record to determine how the specific defendant committed his or her offense of conviction and how those facts would have hypothetically affected the charges brought against the defendant under the new statutory regime "effectively requires the Court to employ a prosecutor-friendly 'way-back machine,' to conjure how the charge, plea, and sentencing would have looked had the Fair Sentencing Act of 2010 been in effect." *United States v. Pierre*, 372 F. Supp. 3d 17, 22 (D.R.I. 2019); *accord Johnson*, 2019 WL 2590951, at *3. On the other hand, because

relief under the First Step Act is discretionary, "[i]t makes sense that Congress intended to give a certain *class* of defendants—those who were sentenced under a statute for which the penalties changed in 2010—a do over." *Pierre*, 372 F. Supp. 3d at 22-23.

This Court agrees with the weight of the authorities that in determining whether a defendant is eligible for relief under Section 404 of the First Step Act, the court should look to whether the offense of conviction was modified by the Fair Sentencing Act, and not to the conduct of the defendant. In this case, Wright was convicted of violating a criminal statute for which the statutory penalties were modified by Section 2 of the Fair Sentencing Act, and he committed the violation before August 3, 2010. Accordingly, Wright's offense is a "covered offense" under the First Step Act.

Nor does the Government's argument as to potential sentencing disparities change the Court's analysis. The issue before the Court is whether Wright is eligible for relief under the First Step Act, not whether his eligibility differs from other defendants. The Court will not disregard Wright's eligibility based on an argument that other defendants might be subject to longer statutory minimum sentences.

## II.     Relief

Having determined that Wright is eligible for a sentence reduction under the First Step Act, the Court thus turns to the question of whether to exercise its discretion and order the reduction that Wright seeks. According to Wright, a reduction is appropriate because a three-level reduction to the career offender guideline of 34 renders his level 31, which combined with his Category VI criminal history results in a sentencing range of 188 to 235 months' imprisonment. (R. 128, Def.'s Mot. at 6.) Wright further argues that his sentence should be reduced because he has spent his time in prison since April 17, 2003, productively, taking self-

improvement classes and working through the UNICOR program, and that he has maintained a clean disciplinary record during that time as well as paid off both his $1,000 fine and his $100 special assessment. (*Id.* at 7.) He reports that he has significant family support available to him upon release, including his spouse, seven children, and nine grandchildren. (*Id.* and Ex. 1.) He urges that he is a changed man, ready and able to become a productive member of society, and that after 16 years of incarceration, his incarceration has "more than served its intended purpose." (*Id.* at 7.)

Notably, the Government makes no argument that Wright is not deserving of a reduction, but only that he is not eligible for one. (R.131, Gov't Resp.) Because the Court finds Wright's unopposed arguments well taken, the Court reduces his sentence from 262 months to time served, which already is in excess of the 188-month low end of the applicable guideline range. All other provisions of the judgment remain unchanged.

## CONCLUSION

For the foregoing reasons, Defendant Roderick Wright's motion for a reduced sentence under the First Step Act (R. 128) is GRANTED, and his sentence is reduced to time served. The Court easily concludes that Roderick Wright deserves an opportunity to establish that he can maintain his positive direction as a free man.

ENTERED: *[signature]*

            **Judge Rubén Castillo**
            **United States District Court**

**Dated: July 18, 2019**